Chief Justice Robertson
delivered the Opinion of the Court.
Burchet and others bought from Faulkner, two tracts of iand, on tiie fug fork of Sandy, in the “ Capley Settlement,” for which they agreed to pay bun twelve hundred dollars, m instalments of three hundred dollars, if his title should be established as paramount, m any suit, (which might be brougnt against Smith and Taylor, and any other person who might hold an adversary claim,) and which they covenanted to institute, u in any manner that should be deemed most proper by good counsel.”
Efforts were (shortly afterwards) made by a surveyor and others, to find tlie beginning corners, the lines, and other corners, of the two surveys, under which Faulkner asserted nis title ; but no corner, or marked line, was found, which furnished any clue for identifying his claims ; and, therefore, Burchet and his associates in the contract deemed a suit for trying such vagrant and intangible claims, not only unnecessary and fruitless, but inexpedient ; and hied a bill in chancery, to enjoin a judgment on one oí tne instalments of the consideration, and to obtain a rescission oi the contract. .
Among other matters, their bill alleges, that Faulkner agreed, that if they should not, by a fair experiment, be able to identify his claims, as represented by himself, and understood by them, at the time of the.contract, their covenants should not be obligatory ; and, also, denies that Faulkner has any title whatever to the tracts which they bought from him ; calls on him for an exhibition of his documents of title ; and avers, that, through fraud or mistake, the written memorial of the verbal agreement omitted some material parts of it.
Faulkner denies fraud, and avers that he has good legal titles to both parcels of land as sold. But his answer, though it-denies, in general terms., that' any uma- *100 ferial” part of the agreement was omitted in the covenant, does not deny, explicitly or directly, the allegation,, that, unless the corners or lines of his surveys could be identified, tjie contract should not be obligatory. And he failed to exhibit any title to either of the tracts.
Decree of the . circuit court.
Defence made at law.
An attempt at law, to plead and rely on matters insufficient, will not bar relief in equity on the same matters.
Vendee of land having agreed to bring suit to establish the title of his vendor, hut failing, after diligent search, to find the lines or corners, or any title in his vendor, may rescind the contract, without any such suit.
Mistake in writing a contract, is ground for a rescission.
The circuit court dissolved the injunction, and dismissed the bill ; and this writ of error is brought to reverse that' decree.
In the action on which the judgment which was enjoined had been rendered, the plaintiffs in error had pleaded a failure of consideration, and fraud and mistake, and issues on these pleas were tried.
The circuit court seemed to consider that defence at law a bar to a rescission of the contract. But, in that view of the case, the Judge was mistaken. It is evident that the grounds now presented for rescission, could not have been available at law. The alleged mistake was not pleadable; and the want of title would have been insufficient to establish a failure of consideration.
The circuit court seemed also to think, that there should be no relief because theplaintiffshad not brought any suit to try title, as they had agreed to do. In this, too, the Judge erred. It was certainly not the duty of the plaintiffs to sue an adversary claimant, unless they could find some vestige of claim in the defendant ; and the proof shews satisfactorily, that frequent and vigilant efforts tO' find some correspondent mark, or corner, or line, proved ineffectual.
Moreover, the alleged omission in the memorial of the contract is clearly proved, and that proof is competent to shew a mistake in the execution of the writing, because such a mistake has not been directly or properly denied,
This ground, especially when connected with the fact that the defendant has failed to exhibit any title whatever, should be ddemed sufficient tp> authorize a decree rescinding the contract.
Wherefore, it is decreed by this court, that the decree of the circuit court be reversed, and the cause remanded, with instructions to decree a rescission of the contract between the plaintiffs and the defendant ip <p-ror.